IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| William Joseph Blom,<br><br>                         Petitioner,<br><br>     vs.<br><br>A.J. Padula,<br><br>                         Respondent. | Civil Action No. 6:11-422-SB-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

On February 28, 2011, the petitioner filed a motion for stay (doc. 6). The respondent filed its return and motion for summary judgment on June 23, 2011. On that same day, the respondent filed a response in opposition to the motion to stay.

The petitioner is currently serving a 30-year sentence for murder in the Lee County Correctional Institution in Bishopville, South Carolina. He seeks a stay to return to state court to exhaust state remedies. However, the respondent has argued and the court agrees that the petitioner has exhausted all available state remedies.

The State provides two basic remedies after conviction – direct appeal and post-conviction relief ("PCR"). *See generally* S.C. Code Ann. § 14-3-330 (providing for appellate jurisdiction for correction of errors of law); Rule 201 (a), South Carolina Appellate Court Rule (recognizing right to appeal from final judgment); S.C. Code Ann. § 17-27-20 (setting out cognizable claims in PCR and providing, for collateral actions, that PCR

"comprehends and takes the place of all other common law, statutory or other remedies heretofore available for challenging the validity of the conviction or sentence. It shall be used exclusively in place of them"). *See also Stewart v. Warden of Lieber Corr. Inst.*, 701 F.Supp.2d 785, 790 (D.S.C. 2010), *appeal dismissed*, 412 F. Appx. 633 (4th Cir. 2011)("To exhaust a claim in state court, a person in custody has two primary means of attacking his conviction: filing a direct appeal and/or filing an application for relief under the South Carolina Post Conviction Procedure Act").

The petitioner timely pursued a direct appeal and his one PCR action as a matter of right. He appealed the denial of his PCR petition, and his petition for writ of certiorari to the Supreme Court of South Carolina was denied. *See* S.C. Code Ann. § 17-27-90 ("All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended application."). In the return, the respondent noted that the action is not subject to dismissal in order to exhaust state remedies as there are no available state remedies to exhaust (return at pp. 6-7).

Furthermore, the "stay and abey" procedure is a recognized option where a petitioner presents a mixed petition. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). As argued by the respondent, the instant petition is not mixed as all claims are exhausted. Any additional application for PCR in the state court would be barred as successive. *See also Tilley v. State*, 511 S.E.2d 689, 691 (S.C. 1999) ("Successive applications are disfavored and the applicant has the burden to establish that any new ground raised in a subsequent

application could not have been raised by him in a previous application."); S.C. Code § 17-27-90.

Additionally, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines,* 544 U.S. at 277. The only "cause" the petitioner references is the failure of PCR counsel to press the issues in the prior PCR action (m. to stay at pp. 1-2). This would not constitute cause to excuse the default in this Court. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 757 (1991); *Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective ... we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default"); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("right to appointed counsel extends to the first appeal of right, and no further"). Further, it would not constitute cause in state court to excuse the failure to raise the issue(s) in his prior PCR action. *Aice v. State*, 409 S.E.2d 392, 393 (S.C. 1991) ("The sole issue we address in this appeal is whether a convict may maintain a successive application for post-conviction relief (PCR) on the ground that his first complete PCR application was insufficient due to ineffective PCR counsel. We hold that a successive application is not allowed on this basis...").

Lastly, the petitioner has raised no argument that he has a specific, potentially meritorious claim. *See Rhines,* 544 U.S. at 278 ("it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics"). There are no meritorious claims readily apparent in the record where the PCR judge made specific findings of fact and conclusions of law rejecting all claims of error.

Wherefore, based upon the foregoing, this court recommends that the motion to stay (doc. 6) be denied.

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

August 2, 2011

Greenville, South Carolina

4