IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| William Joseph Blom, ) | |
| ) | CA No. 6:11-422-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| A.J. Padula, ) | |
| ) | |
| Defendant. ) | |

Petitioner William Joseph Blom (Blom) filed this action for habeas corpus relief against the defendant pursuant to 42 U.S.C. § 2254. (Dkt. No. 1.) This matter is before the court for review of the Report and Recommendation (Report) (Dkt. No. 44) of the United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina. The Report recommends granting the defendant's motion for summary judgment. (Dkt. No. 24.) [1] The court adopts the Report and grants the motion for summary judgment.

On January 25, 2012, the magistrate judge issued the Report. The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the magistrate judge's Report here without a recitation. Briefly, Blom is incarcerated in Lee Correctional Institution for his state court conviction for a 2001 murder. Following the affirmance of his conviction upon appeal, Blom filed an action for post-conviction relief (PCR) for ineffective assistance of counsel, which was denied. Following the denial of certiorari by the South Carolina

---

[1]  The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Supreme Court, Blom filed this petition for a writ of habeas corpus. He alleges the PCR judge erred in denying him relief for ineffective assistance of counsel. On June 23, 2011, the defendant filed a motion for summary judgment. (Dkt. No. 24.)

Objections to the Report were due by February 13, 2012. However, no objections to the Report have been filed. In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and the record in this case, the court adopts the Report and incorporates it herein. (Dkt. No. 44.) It is therefore **ORDERED** that the motion for summary judgment is **GRANTED**. (Dkt. No. 24.)

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant

matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                                    s/Timothy M. Cain
                                                    Timothy M. Cain
                                                    United States District Judge

Greenville, South Carolina
February 23, 2012